

FILED

JAN 2 6 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cause No. CR 06-02-BU-DWM |
| ) | CV 10-69-BU-DWM |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | ORDER DISMISSING § 2255 MOTION |
| ) | AND DENYING CERTIFICATE |
| DESMON RAUL CERON, ) | OF APPEALABILITY |
| ) | |
| Defendant/Movant. ) | |

On December 27, 2010, Defendant/Movant Desmon Ceron filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Ceron is a federal prisoner proceeding pro se.

On January 7, 2011, Ceron was ordered to show cause why his motion should not be dismissed with prejudice as time-barred. He responded on January 18, 2011.

A jury found Ceron guilty of conspiracy to distribute at least 500 grams of a substance containing methamphetamine. Verdict (doc. 49). On June 25, 2007, he was sentenced to serve 188 months in prison, to be followed by a five-year term of

ORDER / PAGE 1

supervised release. Minutes (doc. 75); Judgment (doc. 79). He appealed his sentence. On July 18, 2008, the Ninth Circuit Court of Appeals affirmed. United States v. Ceron, No. 07-30239 (9th Cir. July 18, 2008) (unpublished mem. disp.) (doc. 103). Ceron's conviction became final on October 16, 2008. Fed. R. App. P. 4(b)(1)(A)(i); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). He had one year to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). He should have filed on or before October 16, 2009. He did not file his motion until, at the earliest, December 22, 2010, more than fourteen months too late. Mot. § 2255 (doc. 121) at 25; Houston v. Lack, 487 U.S. 266, 276 (1988).

Ceron might be entitled to equitable tolling of the limitations period if he pursued his rights diligently but an extraordinary circumstance stood in his way and prevented him from timely filing. Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). He alleges that "not only did appellate [counsel] fail to file, but was deficient in failing to advise Petitioner about his legal options, including a Section 2255 motion." Resp. to Order (doc. 124) at 2. He does not allege any deception by counsel, e.g., Spitsyn, 345 F.3d at 801-02, though he is clearly aware that any such deception would be relevant, Resp. to Order at 3. While defense counsel should advise clients of the option to file a § 2255 motion, failure to

ORDER / PAGE 2

do so is not grounds for equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

The law on this issue is clear and there are no open questions on which reasonable jurists could disagree. Nor do the merits of Ceron's motion appear compelling. A certificate of appealability is not warranted. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)); Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Ceron's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 121) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Ceron files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-69-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Ceron.

DATED this 26th day of January, 2011.

Donald W. Molloy
United States District Court

ORDER / PAGE 3